IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Justin Rice,<br><br>　　　　　　　　　　Plaintiffs,<br><br>V.<br><br>McKenzie County, a Political Subdivision, of the State of North Dakota; Kieson Gravel; Craig Kieson; Carol Kieson; Winston Wold Gravel Pit; and Winston Wold,<br><br>　　　　　　　　　　Defendants. | Civil No. 4:15-cv-167<br><br>COMPLAINT AND JURY TRIAL DEMAND |

COMES NOW the above-named Plaintiff, by and through his attorneys, Mark V. Larson and Jared W. Gietzen of Larson Law Firm, P.C., and for their action against the Defendants allege and state as follows:

## I. PARTIES, JURISDICTION, VENUE

¶1.　　Plaintiff Justin Rice ("Plaintiff") is a resident of Palenville, New York.

¶2.　　To the best of Plaintiff's knowledge, Defendant McKenzie County ("McKenzie County") is a Political Subdivision organized and incorporated under the laws of the State of North Dakota.

¶3.　　To the best of Plaintiff's knowledge, Defendant Kieson Gravel ("Kieson Gravel") is a company authorized to do, and is or was doing, business in the State of North Dakota.

¶4.　　To the best of Plaintiff's knowledge, Defendants Craig Kieson and Carol Kieson were, or are, the owners and/or operators of Kieson Gravel.

1

¶5. To the best of Plaintiff's knowledge, Defendant Winston Wold Gravel Pit ("Winston Wold Gravel") is a company authorized to do, and is or was doing, business in the State of North Dakota.

¶6. To the best of Plaintiff's knowledge, Defendant Winston Wold was, or is, the owner and/or operator of Winston Wold Gravel.

¶7. This Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C. §1332 because Plaintiff and Defendants have diversity of citizenship and the amount in controversy is greater than $75,000.00. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## II. FACTUAL BACKGROUND

¶8. Plaintiff reasserts each and every matter or thing asserted in paragraphs 1 though 8 as if fully set forth herein.

¶9. McKenzie County has assumed all duties of the above-referenced township and is responsible for all governmental functions of this township, including road maintenance and ensuring proper gravel is used for township/section line roads located at Township 151, Range 98.

¶10. On August 23, 2014, Plaintiff was driving a water truck going eastbound on 34th Street NW in McKenzie County, North Dakota. At this same time, another truck was driving westbound on 34th Street NW down the middle of the road.

¶11. In order to allow oncoming traffic to pass, Plaintiff was required to drive near the shoulder of the road.. As he reached the shoulder of the road, the gravel on the road gave way forcing Plaintiff to lose control of the water truck. The water truck rolled, and trapped Plaintiff inside. As a result, Plaintiff suffered severe and numerous injuries, including fractured ribs, bruised lungs, lacerations to the back of his head, and fracturing of the C6 and C7 vertebrae. These fractures resulted in Plaintiff becoming paraplegic.

¶12. The land upon which this rollover happened is located in Township 151 of McKenzie County and is under the authority, control and supervision of McKenzie County. Defendant is responsible for maintaining the township/section line roadways so that persons using the roadways are not injured.

### III. CAUSE OF ACTION - IMPROPER CONDITIONS OF ROADWAY MCKENZIE COUNTY/UNORGANIZED TOWNSHIP

¶13. Plaintiff reasserts each and every matter or thing asserted in paragraphs 1 though 13 as if fully set forth herein.

¶14. The situs of Plaintiff's severe injuries, 34th Street NW is a public highway in accordance with N.D.C.C. § 24-07-02 and other relevant law. This public highway is located in Township 121 in McKenzie County, North Dakota. McKenzie County has general supervision over the roads, highways and bridges throughout the township according to N.D.C.C. § 24-06-01 and other relevant statutes and because Township 121 is an unorganized township.

¶15. The situs of Plaintiff's severe injuries, 34th Street NW is under the direct authority, control and supervision of McKenzie County, and was and is open for public travel.

¶16. McKenzie County knew, or should have known with the exercise of reasonable diligence, that the existence of improper gravel over the roadway surface constituted a hazard and a danger to travelers upon the roadway at the site of the rollover; and that travelers used the public roadway.

¶17. McKenzie County had a duty to abate and otherwise make the roadway safe from known hazardous or dangerous conditions for travelers, and that McKenzie County breached its duty; that McKenzie County had a duty to warn travelers on the roadway of the existing hazard, and that McKenzie County breached its duty.

¶18.    The gravel covering the roadway surface did and does constitute a public nuisance within the meaning of N.D.C.C. § 42-01-06; that Plaintiff has suffered special damages specially injurious to him within the meaning of N.D.C.C. § 42-01-08; and therefore is entitled to bring a civil action pursuant to N.D.C.C. § 42-01-07 (4).

¶19.    Any one or all of the aforementioned acts or omissions on the part of McKenzie County proximately and directly caused the damages incurred by Plaintiff as described in this *Complaint.*

¶20.    As a direct and proximate result of said acts or omissions, Plaintiff suffered severe pain and injury and is entitled to damages as allowed by law.

¶21.    As a direct and proximate result of said acts or omissions, Plaintiff has been caused to suffer costs and expenses, including but not limited to excessive medical expenses in excess of $2,000,000.00, and are therefore entitled to damages as allowed by law.

¶22.    As a direct and proximate result of said acts or omissions, Plaintiff has been caused and will continue to suffer great mental anguish and emotional distress, and is therefore entitled to damages allowable under N.D.C.C. § 32-03.2-04.

¶23.    As a direct and proximate result of said acts or omissions, Plaintiff has been deprived of future contributions, earnings and other such financial support, and is therefore entitled to damages allowable under N.D.C.C. § 32-03.2-04.

## IV. CAUSE OF ACTION - NEGLIGENCE
## CRAIG KIESON, CAROL KIESON, AND WINSTON WOLD

¶24.  Plaintiff reasserts each and every matter or thing asserted in paragraphs 1 though 24 as if fully set forth herein.

¶25.  Defendants provided the gravel that covered the roadway surface in Township 151. Accordingly, Defendants each had a duty to provide proper gravel to McKenzie County for use on the roadway surface.

¶26.  Defendants each had a duty to ensure that the gravel being provided afforded a safe roadway surface for vehicles. As a result of this breach, Plaintiff suffered severe and numerous injuries, as outlined above.

## V. CAUSE OF ACTION - RESPONDEAT SUPERIOR
## KIESON GRAVEL AND WINSTON WOLD GRAVEL PIT

¶27.  Plaintiff reasserts each and every matter or thing asserted in paragraphs 1 though 27 as if fully set forth herein.

¶28.  Defendant Craig Kieson was, or is, an employee, agent, or representative of Kieson Gravel at all times relevant hereto and was engaged in activity that was within the scope of, and during the course of, his employment for Kieson Gravel.

¶29.  Defendant Carol Kieson was, or is, an employee, agent, or representative of Kieson Gravel at all times relevant hereto and was engaged in activity that was within the scope of, and during the course of, her employment for Kieson Gravel.

¶30.  Defendant Winston Wold was, or is, an employee, agent, or representative of Winston Wold Gravel Pit at all times relevant hereto and was engaged in activity that was within the scope of, and during the course of, his employment for Winston Wold Gravel Pit.

¶32. Defendants Kieson Gravel and Winston Wold Gravel Pit are each liable to Plaintiff for the sustained injuries and damages under the theory of respondeat superior and vicarious liability.

## VI. PRAYER FOR RELIEF

¶33. WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

1. For special damages in an amount greater than $2,000,000.00, to be proved at trial;

2. For non-economic damages in an amount greater than $75,000.00;

3. For Plaintiff's costs, disbursements, interests and attorneys' fees; and

4. For such other relief as the Court deems appropriate.

DATED this 23 day of November, 2015.

                                              LARSON LAW FIRM, P.C.

                                              Mark V. Larson (ID# 03587)
                                              Jared W. Gietzen (ID# 07905)
                                              ATTORNEYS FOR THE PLAINTIFF
                                              1020 N. Broadway
                                              P.O. Box 2004
                                              Minot, ND 58702-2004
                                              (701) 839-1777
                                              larslaw@srt.com

## **DEMAND FOR JURY TRIAL**

Plaintiff herein demands a trial by jury of the maximum number of jurors permitted by law.

DATED this 23 day of November, 2015.

                                              LARSON LAW FIRM, P.C.

                                              /s/ Mark V. Larson
                                              Mark V. Larson (ID# 03587)
                                              Jared W. Gietzen (ID# 07905)
                                              ATTORNEYS FOR THE PLAINTIFF
                                              1020 N. Broadway
                                              P.O. Box 2004
                                              Minot, ND 58702-2004
                                              (701) 839-1777
                                              larslaw@srt.com