# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Justin Rice, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | **ORDER ON MOTIONS** |
| | ) | |
| vs. | ) | |
| | ) | |
| North Star Energy & Construction, LLC, | ) | |
| Daniel Plote, individually, and Daniel Plote | ) | |
| d/b/a River Aggregates, LLC, | ) | Case No. 4:15-cv-167 |
| | ) | |
| Defendants, | ) | |

Before the Court is the Defendants Daniel Plote and Daniel Plote d/b/a River Aggregates, LLC's (collectively "River Aggregates") motion for summary judgment filed on July 31, 2018. See Doc. No. 102. The Plaintiff, Justin Rice, filed a response in opposition to the motion on September 21, 2018. See Doc. No. 107. River Aggregates filed a reply brief on October 11, 2018. See Doc. No. 111. Also before the Court is Defendant North Star Energy & Construction, LLC's ("North Star") motion for summary judgment filed on July 15, 2019. See Doc. No. 117. The Plaintiff filed a response in opposition to the motion on August 23, 2019. See Doc. No. 125. North Star filed a reply brief on September 13, 2019. See Doc. No. 129. For the reasons set forth below, the River Aggregates' motion is **GRANTED** and North Star's motion is **DENIED**.

## I.  BACKGROUND

On the morning of August 23, 2014, Justin Rice was driving a tractor-trailer semi hauling a single tanker trailer filled with fresh water, headed eastbound on County Road 12, in McKenzie County, North Dakota. County Road 12 is a gravel road also referred to as 34th Street NW or Route 12. At the same time, another truck was driving westbound on County Road 12. In order to avoid

1

a collision, Rice drove his vehicle toward the shoulder of the road. As Rice's vehicle reached the shoulder of the road, the gravel road gave way pulling his vehicle into the south ditch. The vehicle rolled and Rice was severely injured.

Gravel was recovered from the scene of the accident on November 4, 2014, by Ross Rosshoven. See Doc. Nos. 64-4 and 107-4. The gravel was subjected to sieve analysis testing by defense expert David Daubert. See Doc. No. 107-1. Daubert concluded that the gravel on the road and shoulder "did not meet the appropriate classification for gravel for the road surface in question" and "created an unnecessary hazard to the traveling public." See Doc. No. 107-1. In his affidavit, Daubert stated "[i]t has been my experience that class 5 is the only material used as the surface course." See Doc. No. 126-1, ¶ 3. North Star's expert, Gregory Johnson, has opined that the testing done by Daubert was flawed and the gravel on the road was not deficient. See Doc. No. 126-2. McKenzie County engineer, Suhail Kanwar, testified at his deposition that McKenzie County prefers to use class 13 gravel, as opposed to class 5, for the surface on gravel roads. See Doc. No. 103-2, p. 29. Kanwar also testified that McKenzie County uses class 5 gravel as a base underneath blacktop. See Doc. No. 103-2, p. 48.

Records from McKenzie County and River Aggregates show River Aggregates supplied large amounts of class 13 gravel to McKenzie County during April and May 2013 which was stockpiled at McKenzie County's Watford City shop yard and/or the Watford City stockpile. See Doc. Nos. 103-3, pp. 1 and 18; 103-1, ¶ 6(a) and 6(b); 66-23, pp. 16-20. River Aggregates also supplied McKenzie County with class 5 gravel in late 2013 and 2014 which was stockpiled at McKenzie County's Watford City stockpile. See Doc. No. 103-3, pp. 30, 37, 54, and 82; 103-1, ¶¶ 6(c), 6(d), 6(e), and 6(f). The Watford City shop yard is located approximately 25 miles from the accident site on County Road 12. See Doc. No. 108-2. River Aggregates was at no time charged

with placing gravel on or maintaining County Road 12.

Rice contends River Aggregates provided the gravel and base used on County Road 12, had a "duty to provide proper gravel," a "duty to ensure that the gravel being provided afforded a safe roadway surface for vehicles," and the failure to do so caused Rice severe injuries. See Doc. No. 83, ¶¶ 12-14. River Aggregates has moved for summary judgment contending there is no evidence that it sold McKenzie County the wrong gravel and there is no evidence the gravel River Aggregates sold McKenzie County was used on County Road 12.

McKenzie County contracted with North Star to perform maintenance work on County Road 12 in 2013 and 2014. See Doc. Nos. 66-12, p. 2; 66-7, p. 1. In 2013, North Star maintained, bladed, watered, and provided gravel for County Road 12. The contract required North Star to "blade and maintain Route 12 and Route 6 for eight weeks" and to "place 80,000 tons of aggregate on Routes 6 and 12." See Doc. No. 66-12, p. 2. North Star's project manager for the County Road 12 work in 2013, Matthew Garland, testified the gravel North Star placed on County Road 12 in 2013 was sourced from the Lahtinen pit which was leased by North Star. See Doc. No. 119-4, pp. 9-11. The 2014 contract required North Star to blade, water, and maintain County Road 12 but did not require it to place any additional gravel on the road. See Doc. No. 66-7.

Rice contends North Star had a duty to "provide the proper gravel for use on the roadway surface" and a duty to "ensure that the roadway surface was properly maintained." See Doc. No. 83, ¶¶ 10 and 11. Rice further contends that North Star breached these duties resulting in Rice being injured. North Star contends in its motion for summary judgment that it owed no duty to Rice, did not provide improper gravel for or improperly maintain County Road 12, and its actions were not the proximate cause of Rice's injuries.

3

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id. The purpose of summary judgment is to assess the evidence and decide whether there is a genuine need for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c)(1). If the record taken as a whole and viewed in a light most favorable to the non-moving party could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment is appropriate. Matsushita, 475 U.S. at 587. The court must consider the substantive standard of proof when ruling on a motion for summary judgment. Anderson, 477 U.S. at 252.

## III. LEGAL DISCUSSION

Because this case is a diversity action, the Court will apply the substantive law of the forum state, in this case North Dakota. See N. Oil & Gas, Inc. v. Moen, 808 F.3d 373, 376 (8th Cir. 2015). In North Dakota, "[n]egligence consists of a duty on the part of an allegedly negligent party to protect the plaintiff from injury, a failure to discharge the duty, and a resulting injury proximately caused by the breach of the duty." Grewal v. N.D. Ass'n of Ctys. & Nw. Contracting, Inc., 670 N.W.2d 336, 339 (N.D. 2003).

"To establish actionable negligence, a plaintiff must show the existence of a duty by the defendant to protect the plaintiff from injury." Pechtl v. Conoco, Inc., 567 N.W.2d 813, 816 (N.D. 1997). In the context of an action for negligence, a person has a "duty to exercise reasonable care under the circumstances." Kimball v. Landeis, 652 N.W.2d 330, 334 (N.D. 2002). "Negligence actions are ordinarily inappropriate for summary judgment because they involve issues of fact." Groleau v. Bjornson Oil Co., Inc., 676 N.W.2d 763, 766 (N.D. 2004). "Whether a duty exists is generally a preliminary question of law for the court to decide." Gullickson v. Torkelson Bros., Inc., 598 N.W.2d 503, 504 (N.D. 1999). "If, however, the existence of a duty depends upon resolution of factual issues, the facts must be resolved by the trier of fact." Pechtl, 567 N.W.2d at 816. "Issues of fact may become issues of law for the court if reasonable persons could reach only one conclusion from the facts." Groleau, 676 N.W.2d at 766.

"A proximate cause is a cause which, as a natural and continuous sequence, unbroken by any controlling intervening cause, produces the injury, and without which it would not have occurred." Kimball v. Landeis, 652 N.W.2d 330, 334 (N.D. 2002). Two or more people may contribute simultaneously as the proximate cause of an injury. Id. That a person's conduct is not the last cause nor the sole cause of another's injury does not mean the person's conduct is not the proximate cause

of the injury. Id. A person's conduct is a proximate cause of an injury if the injury was the natural and probable result of the conduct and that it ought to have been foreseen or reasonably anticipated by that person as a probable result of the conduct. Id.; Jones v. Ahlberg, 489 N.W.2d 576, 581 (N.D. 1992). Proximate cause is usually a question of fact. Id.

When a person undertakes to perform a service for another and it is alleged he has negligently injured a third party, North Dakota has long applied the principles of the Restatement (Second) of Torts § 324(A). Madler v. McKenzie Cty., 467 N.W.2d 709, 714 (N.D. 1991) (applying Section 324A); Patch v. Sebelius, 349 N.W.2d 637, 642 (N.D. 1984) (same); Weber v. Towner Cty., 565 F.2d 1001, 1009-10 (8th Cir. 1977) (applying North Dakota law and Section 324A). Section 324A provides as follows:

> **§ 324A Liability to Third Person for Negligent Performance of Undertaking**
>
> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965). Like the present case, *Madler*, *Patch*, and *Weber* involved claims based in tort rather than contract and injury to a third party. "[I]n tort law, society, not the contract, specifies to whom the duty is owed, and this has traditionally been the foreseeable plaintiff." Madler, 467 N.W.2d at 715.

With these principles in mind, the Court will address the motions for summary judgment filed by River Aggregates and North Star in which they contend they owed no duty to Rice,

6

breached no duty owed to Rice, and their respective actions were not a proximate cause of Rice's injuries.

### A. RIVER AGGREGATES' MOTION FOR SUMMARY JUDGMENT

River Aggregates contends there is no evidence it supplied McKenzie County with substandard gravel or that the gravel it supplied McKenzie County was ever actually used on County Road 12. It is undisputed that River Aggregates was under no obligation to place gravel on or maintain County Road 12 in 2013 or 2014.

The record reveals River Aggregates sold gravel to McKenzie County on six occasions during 2013 and 2014. See Docket No. 103-1. This gravel was listed in River Aggregates' records as two loads of Class 13 and four loads of Class 5 gravel. The gravel was delivered to the McKenzie County Watford City shop yard and the Watford City stockpile. See Doc. Nos. 103-1; 103-3, pp. 1, 18, 30, 37,5 4, and 82; 66-23, pp. 16-20. There is no evidence in the record that the gravel River Aggregates sold and delivered to McKenzie County was anything other than what McKenzie County intended to purchase. There is also no evidence in the record that any of the gravel River Aggregates sold to Mckenzie County in 2013 and 2014 was ever used on County Road 12. The only evidence Rice has submitted which supports his claim against River Aggregates is that the McKenzie County Watford City shop yard is located approximately 25 miles from the accident site. See Doc. No. 108. Rice contends one may infer from this proximity that the gravel River Aggregates provided to McKenzie County was used on County Road 12. However, the Court finds this argument to be nothing more than speculation. Further, Rice's contention is contradicted by North Star's records which show the gravel North Star used on County Road 12 in 2013 was sourced from North Star's Lahtinen pit. See Doc. No. 119-4, pp. 9-11. The Court concludes that the record

7

taken as a whole and viewed in a light most favorable to Rice could not lead a rational trier of fact to find in his favor. Thus, there are no genuine issues of material fact which require trial, and summary judgment in favor of River Aggregates is appropriate. Matsushita, 475 U.S. at 587.

### B. NORTH STAR'S MOTION FOR SUMMARY JUDGMENT

In his complaint, Rice alleges North Star used the wrong gravel on the road and failed to properly maintain County Road 12 which caused his accident and injuries. North Star contends in its motion for summary judgment that it did not owe a duty to Rice, did not provide improper gravel for or improperly maintain County Road 12, and its actions were not the proximate cause of Rice's injuries. Rice contends genuine issues of material fact preclude the grant of summary judgment. The Court agrees with Rice.

It is undisputed that McKenzie County contracted North Star to maintain County Road 12 in 2013 and 2014. This included adding substantial amounts of gravel to the road in 2013. Having undertaken to maintain the road, there can be no question that under the Restatement (Second) of Torts Section 324(A), North Star owed a duty to all who might use the road, including Rice, to exercise reasonable care in its maintenance of the road. Madler, 467 N.W.2d at 714; Patch, 349 N.W.2d at 642; Weber, 565 F.2d at 1009-10. The Court concludes as a matter of law that North Star owed Rice a duty of reasonable care. Gullickson, 598 N.W.2d at 504.

As to whether there was a breach of this duty which proximately caused Rice's injuries, such questions are for the trier of fact. Rice's expert found the gravel on County Road 12 "did not meet the appropriate classification for gravel for the road surface in question." See Doc. No. 107-1. North Star has its own expert with an opinion different than that of Rice's expert. See Doc. Nos. 126-1 and 126-2. The Court is not inclined to pick and choose between dueling expert witnesses

in a negligence case. Resolving such a difference of expert opinion must be left to the jury. See Groleau, 676 N.W.2d at 766 (stating negligence actions are rarely appropriate for summary judgment because they involve questions of fact); Kimball, 652 N.W.2d at 334 (noting proximate cause is a question of fact). The Court concludes that genuine issues of material fact exist which preclude the grant of summary judgment.

IV.     **CONCLUSION**

For the reasons set forth above, the River Aggregates' motion for summary judgment (Doc. No. 102) is **GRANTED**. North Star's motion for summary judgment (Doc. No. 117) and request for a hearing (Doc. No. 120) are **DENIED**.

**IT IS SO ORDERED**.

Dated this 31st day of December, 2019.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court